1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. SIMON,<br><br>                                   Plaintiff,<br><br>v.<br><br>TANISHA BOSTIC, et al.,<br><br>                                   Defendants, | Case No: 3:24-CV-01665-CAB-MSB<br>Case No. 3:25-CV-00109-CAB-MSB<br>Case No. 3:25-CV-00107-CAB-MSB<br><br>**ORDER SETTING HEARING**<br><br>[25-CV-00109, Doc. No. 2] |
| PHILLIP W. SIMON,<br><br>                                   Plaintiff,<br><br>v.<br><br>MICHAEL D. WASHINGTON, et al.,<br><br>                                   Defendants, | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

1  PHILLIP W. SIMON,

2                                              Plaintiff,

3  v.

4  DEBORAH A. CUMBA,

5

6                                              Defendant,

7

8

9       On December 2, 2024, this Court issued an order dismissing (the pro se) Plaintiff's

10  complaint for lack of subject matter jurisdiction. [Doc. No. 36.] Plaintiff filed an amended

11  complaint, [Doc. No. 39], which the Court dismissed on the same ground. [Doc. No. 42.]

12  Plaintiff has filed his second amended complaint. [Doc. No. 43.] Plaintiff has filed, in

13  recent months, two additional cases in federal court involving similar issues.

14       In his second amended complaint in 24-CV-01665 (*Simon I*), Plaintiff brings

15  multiple Section 1983 "against private individuals and court officials" involved in a family

16  decision to reclassify "his separate property as community property." [SAC ¶ 13.] He also

17  alleges a Section 1985 (Klu Klux Klan Act of 1871) conspiracy alleging that Defendants

18  acted "in concert" to deprive Plaintiff of his VA benefits by lying about his military

19  retirement status. [*Id.* ¶ 39.] Similar to his first two complaints, Plaintiff appears to plead

20  another fraud claim but without any executing claim vehicle. [*Id.* ¶¶42–44.]

21       There remain numerous problems with this version of the complaint. Plaintiff argues

22  that the *Rooker-Feldman* doctrine is inapplicable, but he seeks injunctive relief that will

23  fundamentally alter the family court's decision affecting his benefits. [SAC ¶ 20].

24  Moreover, his claims will likely fail on the pleadings under a 12(b)(6) standard.[1] He sues

25

26

27  [1] The Court may dismiss certain claims pursuant to 12(b)(6) on its own accord where there is no possibility
of relief. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may

28
                                              2

several individuals, four of whom do not appear to be state actors or have not plausibly been alleged to be acting under the color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (internal quotation marks omitted). The others, all officers of the state court, are likely to be entitled to judicial immunity as pleaded. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). As for a conspiracy, there appears to be no facts alleged indicating the existence of an agreement, meeting of the minds, or shared plan/common objective for the conspiracy claim (among other issues). *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1514 (9th Cir. 1989); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004).

And the problems continue. Plaintiff appears to be suing state officials in their official capacities while seeking damages, which is barred by the doctrine of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And it is unclear what substantive due process rights have been violated by the infractions in a civil proceeding. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978) ("Due process generally includes an opportunity for some type of hearing before the deprivation of a protected property interest.").

*Simon II*, 25-CV-00109, has many of the same setbacks as *Simon I*. Plaintiff there alleges judicial "collusion" as the basis for several Section 1983 claims and one Section 1985 conspiracy theory. [*Simon III*, Doc. No. 1 at 2.] He claims that at least one defendant misrepresented facts in legal documents and "facilitat[ed]" fraudulent judicial actions." [*Id.* at 8.] It is likely that judicial immunity bars these claims.

The complaint in the 25-CV-00107 case (*Simon III*) fares no better. The identified harm arises out of an alleged decision by a "commissioner within the judicial system of the State of California" to preside over Plaintiff's child support case. [Doc. No. 1 at 2.] As

dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

Case No: 3:24-CV-01665-CAB-MSB
Case No. 3:25-CV-00109-CAB-MSB
Case No. 3:25-CV-00107-CAB-MSB

1  the recently filed motion to dismiss confirms, [Doc No. 10-1.], this state case appears to be

2  ongoing, implicating *Younger* abstention (a doctrine that counsels federal courts to avoid

3  interfering in certain ongoing state judicial proceedings). *Gilbertson v. Albright*, 381 F.3d

4  965, 969 (9th Cir. 2004); *see Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)

5  (confirming that abstention is warranted for qualifying state proceedings). Moreover, it is

6  highly unlikely that Plaintiff can sustain a Section 1983 case against a judicial officer for

7  the targeted decision.

8       For the discussed reasons, the Court is likely to dismiss the above-captioned cases

9  under the 12(b)(1) and/or 12(b)(6) standard. The Court hereby orders that Plaintiff appear

10  for an in-person hearing on **March 6, 2025 (Thursday) at 10:00 AM** in Courtroom 15(A)

11  to discuss the Court's tentative ruling and the motion to dismiss filed in *Simon III* (25-CV-

12  00107). Plaintiff should file any response to the motion to dismiss in *Simon III* by **March**

13  **4, 2025**. [Doc No. 10.] All counsel for Defendants that have been properly served should

14  also appear at the hearing. The Court grants Plaintiff's motion to electronically file

15  documents in 25-CV-00109. [Doc No. 2.]

16

17       It is **SO ORDERED**.

18

19  Dated: February 14, 2025

20

21                  Hon. Cathy Ann Bencivengo
                United States District Judge

22

23

24

25

26

27

28

Case No: 3:24-CV-01665-CAB-MSB
Case No. 3:25-CV-00109-CAB-MSB
Case No. 3:25-CV-00107-CAB-MSB