UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP W. SIMON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TANISHA BOSTIC, et al.,<br><br>　　　　　　　　　Defendants,<br><br>PHILLIP W. SIMON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL D. WASHINGTON, et al.,<br><br>　　　　　　　　　Defendants, | Case No: 3:24-CV-01665-CAB-MSB<br>Case No. 3:25-CV-00109-CAB-MSB<br>Case No. 3:25-CV-00107-CAB-MSB<br><br>**ORDER DISMISSING CASES WITH PREJUDICE** |

| | |
|---|---|
| PHILLIP W. SIMON, | |
| Plaintiff, | |
| v. | |
| DEBORAH A. CUMBA, | |
| Defendant, | |

On March 6, 2025 this Court held a hearing on the three above-captioned cases to discuss the Court's tentative ruling and the pending motion to dismiss. Plaintiff, proceeding pro se, appeared telephonically. The Court explained its ruling on the record and dismissed all three cases with prejudice. As explained to Plaintiff, the Court's analysis tracks with is prior orders.

First, as for 24-CV-01665, the *Rooker-Feldman* doctrine applies. The Court cannot enter injunctive relief that will fundamentally alter the family court's decision affecting his benefits. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court[] and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court.").

*Simon III*, 25-CV-00107, involves an ongoing state child support proceeding. Pursuant to the *Younger* abstention doctrine, this Court's interference with that proceeding would amount to a de facto injunction. Plaintiff has failed to supply any facts indicating that he cannot raise his federal claims in those proceedings. Abstention is appropriate in this case. *See Kitchens v. Bowen*, 825 F.2d 1337, 1341–42 (9th Cir. 1987).

Moreover, all three cases involve claims against judicial officers and/or court employees. *Simon II*, 25-CV-00109, is based on a "judicial collusion" theory against various judicial officers and employees. [*See* Doc. No. 1 at 2–3.] *Simon III* involves a

lawsuit against a judicial officer who presided over Plaintiff's ongoing case. Judicial immunity bars such claims. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.") And contrary to Plaintiff's representations at the hearing, judicial immunity applies even when a judicial officer is sued in their individual capacity. *See Jackson v. United States*, 896 F.2d 1370 (9th Cir. 1990).

The Court explained these (and additional) reasons for dismissal at the hearing. Plaintiff's above-captioned lawsuits are dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

It is **SO ORDERED**.

Dated: March 6, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge